IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11068
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DENISE LYNN BAXTER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-37-2-Y
--------------------
April 15, 2002

Before JONES, SMITH, and EMILIO GARZA, Circuit Judges.

PER CURIAM:[*]

        Denise Lynn Baxter, having entered a conditional guilty
plea to possession of methamphetamine with intent to distribute,
appeals the district court's denial of her motions to suppress (1)
the evidence seized as a result of a search of her residence and
(2) her written inculpatory statement.  Baxter has submitted a
motion to supplement the record excerpts with a videotape of the
arrest of her husband, Stephen L. Baxter.  The motion to supplement
the record excerpts is GRANTED.

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Baxter first argues that the district court erred in its determination that under the totality of the circumstances her written consent to search her residence was voluntary. Baxter has not shown that the district court clearly erred in its finding that her consent was given voluntarily. See United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993).

Baxter next argues that her detention was illegal and that the Government has a higher burden to carry in such circumstances than when consent is given following a permissible detention. Because this argument was not raised in the district court, our review is for plain error. See United States v. Olano, 507 U.S. 725, 733-34 (1993). Baxter has failed to show that the district court committed any error, plain or otherwise.

Finally, Baxter argues that her written inculpatory statement was involuntarily given and should have been suppressed as fruit of the poisonous tree of her illegal detention and involuntary consent to search her home. Baxter has not shown that the district court erred in its determination that her written statement was made as a result of her "free and rational choice." See United States v. Rico, 51 F.3d 495, 507 (5th Cir. 1995).

Accordingly, the judgment of the district court is hereby **AFFIRMED**.